UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TANYA YELVINGTON,

    Petitioner,

v.                                                                                           CASE NO. 6:09-cv-568-Orl-31KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 12). Although Petitioner was given the opportunity to file a reply, she has not done so.

Petitioner alleges eight claims for relief in her habeas petition. However, as discussed hereinafter, the Court finds that the petition is untimely and must be denied.

**I.    *Procedural History***

Petitioner was charged by information with DUI manslaughter (count one) and DUI resulting in serious bodily injury (count two). (App. A. at 41.) The state filed a notice of

intent to sentence Petitioner as a habitual felony offender. *Id.* at 76-77. On February 24, 2000, Petitioner entered a nolo contendere plea to both counts. *Id.* at 81-82. The state trial court sentenced Petitioner to fifteen years imprisonment for count one and to five years imprisonment for count two, with the sentence in count two to run consecutively to the sentence in count one. *Id.* at 93-97. Petitioner appealed, and appellate counsel filed an *Anders*[1] brief and moved to withdraw. (App. B.) The Fifth District Court of Appeal granted the motion to withdraw and on October 3, 2000, *per curiam* affirmed Petitioner's judgment and sentences. (App. D.) Mandate was issued on October 20, 2000. (App. E.)

On November 27, 2000,[2] Petitioner filed a motion for correction, reduction, and modification of sentence pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure. (App. F.) The state court denied the motion on August 1, 2001. (App. G.) There is no indication that Petitioner appealed the denial of that motion.

Next, on April 19, 2002, Petitioner filed a Rule 3.850 motion for post-conviction relief. (App. H.) The state court summarily denied claims one and three and set an evidentiary hearing for claim two. *Id.* at 101-03. After holding an evidentiary hearing on February 24, 2004, that same day the state trial court denied the remaining claim. *Id.* at 104-

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

05. Petitioner appealed, and the Fifth District Court of Appeal *per curiam* affirmed the lower court's denial of the Rule 3.850 motion on November 2, 2004. (App. J.) Mandate was issued on November 19, 2004. (App. K.)

On March 18, 2008, Petitioner filed a petition for writ of habeas corpus with the state trial court. (App. L.) The state court denied the petition on June 16, 2008. (App. M.) Petitioner appealed, and the appellate court *per curiam* affirmed on December 16, 2008. (App. R.) Mandate was issued on February 18, 2009. (App. U.) The instant federal habeas corpus petition was filed on March 24, 2009.

## II. *Petitioner's Habeas Corpus Petition Is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A) the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

>     (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the state appellate court entered its affirmance on October 3, 2000. Petitioner then had ninety days, or through January 2, 2001,[3] to petition the United States Supreme Court for a writ of certiorari. *See* Sup. Ct. R. 13.[4] Thus, under § 2244(d)(1)(A), the judgment of conviction became final on January 2, 2001, and Petitioner had through January 2, 2002, absent any tolling, to file a federal habeas petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the United States Supreme Court has expired).

---

[3] The ninety-day period expired on January 1, 2001, which was a holiday; therefore, the deadline was extended through the next business day, January 2, 2001.

[4] Rule 13 provides as follows:

>     The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

Under § 2244(d)(2), the one-year period would be tolled during the pendency of any "properly filed" state post-conviction proceedings. Petitioner filed a Rule 3.800 motion to correct, reduce, or modify sentence on November 27, 2000, prior to the commencement of the statute of limitations period. Assuming that Petitioner's Rule 3.800 motion was properly filed, the time was tolled through August 31, 2001, thirty days after the state court denied the motion. *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383-84 (11th Cir. 2006) (holding that the one-year limitations period is tolled during the time in which the petitioner may file an appeal from the denial of a post-conviction motion). Therefore, the one-year period did not begin to run until August 31, 2001. Petitioner then had until August 31, 2002, absent any further tolling, to file a federal habeas petition.

A total of 231 days elapsed before Petitioner filed her Rule 3.850 motion for post-conviction on April 19, 2002. Assuming this motion was properly filed, the limitations period was tolled from April 19, 2002, through November 19, 2004, the date the mandate was issued on appeal. Petitioner then had 134 days remaining of the one-year limitations period, or until April 4, 2005, to file her federal habeas corpus petition. Petitioner did not filed her federal habeas corpus petition until March 24, 2009, almost four years after the expiration of the one-year limitations period.

The Court is aware that Petitioner filed a state habeas corpus petition on March 18, 2008. However, this proceeding did not toll the time period because the one-year period expired before Petitioner initiated that action. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline

does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). The instant federal habeas corpus petition was not timely filed and must be denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); s*ee also Lamarca v. Secretary Department of Corrections*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Tanya Yelvington (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 27th day of August, 2010.

Copies to:
pslc 8/27
Counsel of Record
Tanya Yelvington

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**